## LIDDELL *v.* SAHLINE.

Decided November 14, 1891.

*General agent—Authority.*

> A general agent with authority to buy may bind his principal by purchases within the scope of his authority, though in violation of specific instructions of which the seller had no notice.

APPEAL from *Greene* Circuit Court.

JAMES E. RIDDICK, Judge.

Action upon an account by Sahline & Co. against J. H.

Liddell and eighteen others, partners by the style of the Co-operative Association of Greene county. The facts are stated in the opinion.

*B. H. Crowley* for appellant.

1. The complaint, having contained a reference to an account against appellants, made the same a part of their complaint, and thereby constituted it the foundation of this action ; and as no such bill of particulars was produced, the instructions given by the court on its own motion were abstract and ought not to have been given. 36 Ark., 641.

. 2. The testimony was incompetent, tending to contradict the account sued on. See Wharton on Agency, 122–128, 136–7, 186.

HUGHES, J. This is an appeal from a judgment rendered against appellants, who were stockholders of the Co-operative Association of Greene county, upon an account for merchandise purchased for said association and delivered to and used by it. The goods were purchased by R. A. Biggs, and the account filed as the foundation of the suit made out against him, and verified by one of the appellees, of whom the goods were purchased. Over the objection of the appellants, R. A. Biggs and other witnesses were permitted to testify and prove this account against the appellants, to which they excepted, and made this one of the grounds of their motion for a new trial. The admission of this testimony is insisted upon as error for which the judgment should be reversed, and is the only ground urged in counsel's brief for appellants. They insist that, the account having been made out and verified against Biggs, and made the foundation of appellee's action, the evidence referred to tended to contradict the same, and ought not to have been admitted, as there was no account filed against them as the foundation of the suit. This is not correct, as the testimony tended, not to contradict the account, but to establish it and show the liability of appellants.

Biggs testified in substance that he was the manager and

general agent of the association, and was authorized to conduct and manage a general mercantile business for the association; to buy and sell goods, and to purchase goods for the association on 30, 60, 90 and 120 days' time, and pay therefor by drafts upon the commission merchants of the association, but not to exceed in his purchase the amount of funds of the association in the hands of their commission merchants; that he was authorized to purchase for cash only in the manner just indicated; that the goods were purchased by him for, received and used by, the association. Witnesses for the appellants testified that Biggs was not the general agent of the association, but the appellants admitted in their answer that he was the manager and clerk of the association. Some of their witnesses testified that Biggs had no authority to buy goods on credit. We think the evidence in the case shows that Biggs was the general agent of the association to conduct their mercantile business, to buy and sell goods for them, etc.

The distinction between a special and general agent is thus laid down: "A general agent is a person whom a man puts in his place, to transact all his business of a particular kind; thus, a man usually retains a factor to buy and sell all goods, and a broker to negotiate all contracts of a certain description. The authority of such an agent to perform all things usual in the line of business in which he is employed, cannot be limited by any private order or direction, not known to the party dealing with him. But the rule is directly the reverse concerning a particular agent, that is, an agent employed specially in one single transaction; for it is the duty of the party dealing with such a one, to ascertain the extent of his authority; and if he do not, he must abide the consequences." Smith on Mercantile Law, ch. 5, sec. 4, cited in Story on Agency, sec. 126, note 1; Story on Agency, secs. 17–22; *Ruffin* v. *Mebane,* 6 Ired. Eq. (N. C.), 507.

A private agent acting within the scope of his general authority, though in violation of specific instructions, may bind his principal. *Parsel* v. *Barnes,* 25 Ark., 261.

There is no evidence in this case that the appellees had knowledge of any limitations upon the authority of Biggs, as agent of said association, in reference to purchasing goods. on a credit. The appellees were not therefore bound by such limitation, if it existed. Otherwise, if they had notice of the limitation. The facts in the case were fairly submitted to a jury upon proper instructions from the court. There was evidence to support the verdict.

The judgment is affirmed.