# Parker *v.* Bond.

## *Action on Promissory Note.*

1. *Agreements with agent of insurance company; effect of on note for premium.*—Where an agent of a life insurance company induces a policy to be ordered and a promissory note to be executed for the premium under the promise and agreement that, when the policy is received the insured could examine it and if it did not suit him could return it and have the note cancelled; and further that the policy should contain an agreement that after payment of a specified number of premiums, the company would lend to the insured money to the amount of a specified per cent. of the policy, and if it did not the note should be given up; the pleas of the insured, when sued on the note, setting up these agreements, go to the consideration of the note and are not subject to demurrer, if they further allege that the defendant finding the policy not to his liking, or that it did not contain the guaranty to loan money, seasonably repudiated the transaction, and offered to return the policy, and demanded the return of his note; these facts if proven constitute a complete defence to the action.

2. *Promissory note; when stipulation in waiving defenses not binding.*—It is immaterial that a person who induces a promissory note to be executed to another had no interest in it; nor is it of any consequence that the note itself contains a stipulation in effect waiving all defences against it, and at-

34

[Parker v. Bond.]

tempting to put the payee on the same footing as purchasers for value without notice, when the main undertaking is without consideration—such stipulation being, in this regard, like the main issue.

3. *Error without injury; plaintiff cannot complain that his demurrer to a plea is sustained.*—If the court sustains a demurrer to pleas of the defendant, which should be overruled, the error is without prejudice to the plaintiff and he cannot complain.

4. *Same.*—If a plea is demurred to because it fails to aver a certain fact and the court construes the plea as averring the fact and overrules the demurrer, the error, if any, is not of prejudice to the plaintiff if the evidence without conflict supports the plea as construed by the court.

5. *Same; payee suing on held to be principal in the transaction.* Where the contract for a policy of life insurance is made with one person and the premium notes executed to another, the latter, whether shown to be the principal in the transaction or not, is to be so held when he sues on the premium note; and a plea of want of consideration is available to the defendant in such suit.

6. *Declaration of agent; admissible for what purpose.*—Under a plea averring that a person held himself out as the agent of another, the declaration of such person is admissible, not to prove the agency, but to prove that he held himeslf out as agent.

7 *Execution of note; when does not preclude previous declara. tions.*—The execution of a promissory note does not preclude the admissibility of evidence, under a proper plea, of transactions and declarations between the parties to it, at the time and just before the signing, if these go to show want or failure of consideration.

8. *Agency; proved by the agent himself.*—Agency cannot be proved by the declaration of the agent, but can be proved by the agent himself; and such testimony of the agent may involve only a statement of the fact of agency, without going into the details as to how the agency was brought about, or as to the particular facts on which it rests.

9. *Ratification; what is not evidence of.*—If there is a question as to whether a person accepted a policy of insurance as being the policy for which he had contracted, a letter by him to the insurance company written after he had received the policy that he could not keep the policy because he could not make the payments, is not evidence of a ratification, although it may be some evidence of acceptance of the policy; and a charge to the effect or upon the assumption that this letter

[Parker v Bond.]

should be considered by the jury on the question of ratification is properly refused.

10. *New trial; what motion for must specify.*—A motion for a new trial based on the refusal of the court to give instructions asked, and that the verdict was contrary to the evidence, but which does not specify the errors of law complained of, is properly overruled.

11. *Charge on the effect of a writing when properly refused.*—If a charge is asked on the effect of a paper writing that it is conclusive on a matter in controversy, it is properly refused if it appears that the writing is not so conclusive, although it might be some evidence, on the matter in issue.

12. *When additional charge must be requested in the matter of construing a paper writing.*—If the court in construing a paper writing gives of its own motion a correct charge as far as it goes of the evidential capacity of a paper, the party who desires the jury to consider the paper on some further question, should ask a special instruction.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

John Alley Parker sued William Bond in this case on a note given as a premium for a policy of life insurance. The defendant interposed several special pleas which are sufficiently set out in the opinion, as are the other questions of pleading. The letter of March the 26, 1897, referred to in the opinion, stated that, the defendant could not keep the policy, that he could not meet the payments, that he was sorry he went into it and was going to give it up, and if Edwards wanted to keep his note he could do so. Judgment for the defendant from which plaintiff takes this appeal.

THOS. E. KNIGHT, for appellant, insisted, that the demurrer to the pleas of the defendant numbered two and five ought to have been sustained, citing, *Ansley v. Bank of Piedmont*, 113 Ala. 467; *Pacific Guano Co. v. Mullen*, 66 Ala. 582; *Wilkerson v. Williams*, 76 Ala. 427. (2). Plea five did not aver the fact showing the fraud alleged therein.—*Carmelich v. Mims*, 88 Ala. 335; *Felix Ins. Co. v. Moog*, 78 Ala. 284; *Garner v. Fite and others*, 93 Ala. 405; 1 Dan. on Neg. Inst., Sec. 97; *Powell v. Thompson*, 80 Ala. 551; *Lakeside Land Co. v. Drongoole*, 89 Ala. 505; *Moness v. Henry*, 96 Ala. 454; *Hargrave v. Melbourne & Levy*, 86 Ala. 270; *Griel v. Lomax*, 86 Ala. 132,

ED DE GRAFFENREID, *contra,* ccontended, that the acts and deliberations of Edwards were admissable to prove agency; that Parker was bound by the declarations of Edwards; and that the misrepresentation of the agent avoided the contract, citing, 3 Bric. pp. 22-25; *Davis v. Betz,* 66 Ala. 206.

MCCLELLAN, C. J.—This action is prosecuted by Parker against Bond on a promissory note executed by the latter to the former. Defendant's first plea sets up that one Edwards, who was acting and holding himself out as the agent and representative of the Washington Life Ins. Co., persuaded and induced defendant to sign the note, that in consideration thereof he was to receive a policy of insurance on his life in the sum of $5,000 from said company, and that he did receive a policy of insurance from said company some weeks after he signed the note; that Edwards in order to induce him to sign said note stated to him that after the policy of insurance was received by defendant if he was not perfectly satisfied with its provisions, he, the said Edwards, would take back the policy and return the note to the defendant, and that defendant when he received the policy and examined its contents was dissatisfied with it and offered to return it to said Edwards, and at the same time requested and demanded that the said note be returned to him, and that Edwards refused to return the note to him. This plea goes to the consideration of the note sued on. It shows that it was given in consideration of a policy of life insurance to be issued to the maker which should be satisfactory to him, that no such policy was issued to or received by him and that he seasonably offered to surrender and return an unsatisfactory policy which was sent him and thereupon demanded the surrender of his note. It may be that the stipulation relied upon in the plea that the policy should be entirely satisfactory to defendant is an unusual one, but it is none the less valid on that account. It is analogous to a sale subject to inspection and approval of the article sold, and when, as in this instance, the approval is unhampered no grounds of dissatisfaction or disapproval need be stated; the question is left to the discretion of the

buyer, if not indeed to his caprice, and it is the fact of dissatisfaction, not the grounds of it, which authorizes a repudiation of the transaction. The action being prosecuted by the payee of the note, the defense of a want of consideration is, of course, available to the defendant whether Edwards was in point of fact the payee's agent or not in making the contract and taking the note; but whether so or not originally he is to be taken as such agent since the plaintiff has adopted his acts by accepting and suing on the note which resulted from them. It is equally immaterial that Edwards has no interest in the note sued on, and never had; nor is it of any consequence that the note itself contains a stipulation in effect waiving all defenses against it and attempting to put the payee on the same footing as purchasers for value without notice. If such stipulation were otherwise unobjectionable, it falls in this case because it is itself, like the main undertaking, unsupported by a consideration. The demurrer to this plea, raising these and other objections thereto, should have been overruled. The error in sustaining the demurrer is, however, without prejudice to apellant,—said erroneous ruling having been in his favor.

Plea No. 2 filed by the defendant sets up in substance the same defense interposed by plea 1, varying the language somewhat—as, for instance, by averring that the policy to be issued to defendant should "suit him in every particular, that he should have the right to accept or refuse the same," and that in the event of his refusing it, the policy should be cancelled and the note should be returned to defendant," etc., etc., and averring that Edwards was the agent of the plaintiff. One objection taken by the demurrer to this plea which was not made to plea 1, was that it failed to show that defendant seasonably made known his dissatisfaction with the policy and his election to refuse it, and seasonably offered to return it. We think the plea does show this; but even if it does not, the error in overruling the demurrer was not of prejudice to plaintiff since the evidence without conflict shows that if defendant acted in the matter at all he did so within a reasonable time, and thus supports the plea as it was construed by the lower court to aver due dili-

[Parker v. Bond.]

gence in electing not to accept the policy and offering to return it. This with what we have said in respect of the first plea will serve to indicate the grounds of our opinion that there was no error—or at least none of which appellant can complain—in overruling the demurrer to the second plea.

The 5th plea avers that the note sued on was procured by plaintiff's fraudulent representations in that plaintiff through his agent Edwards applied to defendant to have the Washington Life Ins. Co. write a policy on defendant's life, and agreed that if defendant would execute the contract sued on a policy would be issued to him containing a guaranty that said company would lend defendant ninety per cent. of the face value of the policy after three annual premiums had been paid, the loan to bear four per cent interest, and that if the policy did not contain this agreement defendant could return the same to Edwards, and the note sued on should in that event be surrendered to defendant; that defendant upon the receipt of the policy by mail examined it promptly and promptly offered it to said Edwards, and that he declined to cancel the same and declined to surrender the note. The policy itself is incorporated in this plea and it does not contain the stipulation above set out as to the loan to the defendant. The plea is not open to any of the objections taken by the demurrer. It is, like pleas 1 and 2, a plea going to the consideration of the note sued on rather than of misrepresentation and fraud. It avers that the note was given in consideration of an undertaking on the part of Parker to have issued to the maker a policy containing a certain material and important stipulation, that the undertaking to this effect induced the execution of the note, that the policy issued to him did not contain this stipulation and hence that the consideration for the note failed; and that the defendant seasonably repudiated the transaction, offered to return the policy as by the contract he had a right to do, and demanded the surrender of his note. These facts constituted a complete defense to the action, and the circuit court properly so held.

[Parker v. Bond.]

Plea 1 alleged that Edwards held himself out as the agent of the Washington Life Ins. Co. Under this averment it was obviously competent to prove the declarations of Edwards that he was such agent not for the purpose of showing the fact of agency but for the purpose of showing that Edwards held himself out as agent.

The defendant was properly allowed to testify that at the time of and just before the signing of the note "Edwards said he would give me a policy to mature in twenty years, and after I had made three annual payments I could borrow ninety per cent of the face value at four per cent." and agreed that this stipulation should be in the policy. This testimony went directly to support the fifth plea, and going, as it did, to show a want or failure of consideration, its admissibility was not precluded by the contemporaneous or subsequent execution of the note. And the same is true in respect of the further testimony of this witness as to his right to return the policy if it should prove to be unsatisfactory to him.

While agency may not be proved by the *declarations* of the agent, it may unquestionably be established by the *testimony* of the agent; and such testimony may involve only a statement of the fact of agency without going into the details as to how the relation was brought about or as to the particular facts upon which it rests. Edwards testified that he was the agent of Parker in taking the note sued on. That he did take the note payable to Parker is in nowise controverted; and that Parker adopted his act in this regard is demonstrated by the institution of this suit. On this state of case the fact of Edwards' agency for Parker is removed from the field of controversy.

There was no question of *ratification* by the defendant in the case. There was a question whether he *accepted* the policy which was issued to and received by him as the policy for which he had contracted. The letter of March 26, 1897, written by him to Edwards may have been some evidence of such acceptance, but it was not evidence of any ratification. The charge requested by plaintiff to the effect or upon the assumption that this letter should be considered by the jury on the question of ratification was, therefore, to say the least inapt and confusing—abstract indeed in a sense—and properly re-

fused. Moreover, conceding the letter was some evidence of ratification of the note, it was not conclusive as is assumed in charges 2 and 4 refused to plaintiff. The charge given by the court of its own motion as to this letter as far as it went correctly submitted its evidential capacity to the jury. If plaintiff was entitled to have the jury consider it as evidence upon the further question whether the defendant accepted the policy sent to him as a consideration for his note, a special instruction to that effect should have been requested.

The remaining instructions given by the court *ex mero motu* and at defendant's request are in consonance with the views we have expressed.

Guided by the rule laid down in *Cobb v. Malone & Collins,* 92 Ala. 630, we find no error in the overruling of plaintiff's motion for a new trial.

Affirmed.