# Rogers v. Smith.

## Trover and Conversion.

(Decided November 13, 1913. 63 South. 530.)

1. *Husband and Wife; Agency of; Evidence.*—The evidence being otherwise relative, the wife could show by her husband that he transacted certain business, as her agent, in connection with the ties, out of which the controversy arose.

2. *Appeal and Error; Harmless Error; Evidence.*—Where the answer was in fact relevant and material, the fact that the question was so general that it might have elicited an irrelevant answer, is not ground for reversal.

3. *Trial; Conduct of Court; Remarks.*—Although the remark of the trial judge, while a witness was being examined, that he "wouldn't believe a nigger any quicker than a pink eyed rabbit" was highly improper, yet where no motion was made to discharge the jury, and the remark was neither made a ground for motion for new trial, nor assigned as error on appeal, it did not constitute ground for reversal.

4. *Same.*—It was not of itself error for the presiding judge to state to the jury that they should pay no attention to his remark about the witnesses, after having improperly indicated that he disbelieved the evidence of certain witnesses.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Callie V. Smith against J. C. Rogers. From a judgment for plaintiff, defendant appeals. Affirmed.

The suit was for the conversion of 140 cross-ties, and the verdict was for $50. When E. P. Smith was on the stand, he was asked whose business it was that he was attending to around Deschamps Station in the year 1911, and answered that it was his wife's business, and that he made arrangements with one McCain to get out his wife's cross-ties, and with Lawsing to buy the timber, and he was to get the money from witness to pay for the timber. He was then asked if the cross-ties were delivered to him or anybody representing his wife doing business. Objections were interposed to all of the above, but were overruled, and the witness proceeded to detail other acts of his relative to the cross-ties, which he alleged he did as the agent of his wife.

The assignment of error No. 11 is as follows: "The court erred in overruling objection to the question, 'Did you, some time in August of last year, make a sale to Smith of certain stumpage?' This question was propounded by plaintiff to one Stephen Lawsing, called on behalf of plaintiff. The court, while examining Dan Warwick on his own motion, said to him, 'I want the truth; I will put you in jail;' and then asked a number of questions touching the case. While Charles Warwick was being examined, the court repeated practically the same thing. While the witness Wallace Stanton was being examined, and after the court had asked him several questions, the court remarked, 'I wouldn't believe a nigger any quicker than a pink-eyed rabbit.' Following this, the court made the remark to the jury not to pay any attention to his remark."

The only exception reserved was the exception and objection to the statement of the court to the jury not to pay any attention to his remark.

C. W. TOMPKINS, for appellant. The court erred in permitting the husband to testify as to the facts of agency, as the testimony elicited also went into the details of the transaction.—*Parker v. Bonds,* 121 Ala. 529. Counsel discuss the remarks of the court and insist that they were highly prejudicial, but cites no authority in support of his contention.

WEBB & McALPINE, for appellee. The court properly permitted the proof of agency.—*Tenn. R. T. Co. v. Kavanaugh,* 101 Ala. 1; *Saunders v. Tuscumbia R. & P. Co.,* 148 Ala. 519. The court corrected his improper remarks and thus cured any error.

DE GRAFFENRIED, J.—In the case of *Parker v. Bond,* 121 Ala. 529, 25 South. 898, this court said: "While agency may not be proved by the declarations of the agent, it may unquestionably be established by the testimony of the agent, and such testimony may involve only a statement of the fact of agency without going into the details as to how the relation was brought about or as to the particular facts upon which it rests."

In the instant case the plaintiff was permitted to prove by her husband, who was sworn, and who testified as a witness in her behalf, that in the year 1911 he was in charge of her business, and as her agent transacted business for her. The husband also testified that he, acting for and as the agent of his said wife, had the business transaction out of which this cause of action arose. This evidence was therefore competent.

2. The answer of the witness to the question made the basis of the eleventh assignment of error was not

[Rogers v. Smith.]

only not irrelevant but it was both relevant and material testimony. The mere fact that this relevant testimony was elicited by a question which was so general that it might have elicited an irrelevant answer cannot avail the appellant as reversible error. No injury was done the appellant by the general character of the question.

3. During the progress of the trial the trial judge, in the presence and hearing of the jury, made certain remarks relative to some of the appellant's witnesses which plainly indicated that the trial judge disbelieved their testimony. These remarks of the trial judge were confessedly improper, and, in making them, the trial judge palpably exceeded the limits of judicial discretion. We direct attention to the fact that these remarks of the trial judge are not assigned as error. We also direct attention to the fact that the appellant did not move for a discharge of the jury on account of these remarks of the trial judge, and that he did not make these remarks a ground of his motion for a new trial.

After the trial judge had made the remarks above referred to, he told the jury, in effect, to pay no attention to his said remarks. This latter statement of the trial judge to the jury is made the subject of an assignment of error. We are satisfied that the direction of the trial judge to the jury not to consider his said remarks did not cure the situation which the unfortunate remarks had created; but this latter statement—the one here assigned as error—did, in some degree, tend to alleviate the situation. The latter statement was certainly not unfavorable to the cause of appellant. The trial judge, when he remarked in the hearing of the jury that he did not believe some of appellant's witnesses, ran a hot iron into appellant's case, and appellant should then and there have moved for a discharge of the jury. He might, also,

have made the said remarks of the trial judge a ground of his motion for a new trial. This he did not do.

When the trial judge directed the jury not to regard anything that he had said about the witnesses, he poured oil into the wound which he had inflicted upon appellant's case. We cannot reverse this case on account of the oil. We are not asked to do so on account of the hot iron. The oil probably did not cure the wound which the hot iron had inflicted; but it did have some tendency to heal the sore.

4. All assignments of error upon this record not above discussed have been waived by appellant.

The judgment of the court below is affirmed.

Affirmed.

DOWDELL, C. · J., and ANDERSON and MAYFIELD, JJ., concur.