# Roberts & Sons *v.* Williams, *et al.*

### Assumpsit.

(Decided November 30, 1916.   73 South. 502.)

1. **Principal and Agent; Agency; Proof.**—Although the fact of agency may not be proved by the declaration of the alleged agent, yet the existence of the agency may be established by the agent's testimony which may involve only a statement of the fact of agency without details as to how the agency was brought about or as to the particular facts upon which it rests.

2. **Same; Acts and Declaration.**—Where the fact of agency rests in parol or is to be inferred from the conduct of the principal and there is evidence tending to show agency the acts and declaration of the agent become admissible.

3. **Same; Jury Question.**—The fact of agency vel non is usually a question for the jury.

4. **Same; Authority.**—Where the agent's powers and duties are not reduced to writing the testimony of the agent is competent as tending to prove his authority or the extent thereof.

5. **Same.**—While it may be shown by the alleged agent that he had no authority to do the act in question, the other party may show that the relation in fact existed, and the extent of his authority, notwithstanding its denial.

6. **Same; Apparent Authority; Reliance.**—Where the actor has been held out by the alleged principal as his agent or as possessing the authority assumed by such agent within the line or scope of the principal's business, the doctrine of apparent authority can be invoked by one who has been mislead to his detriment.

7. **Mortgages; Deficiency Action; Evidence.**—Where the action was for an alleged deficiency for notes secured by mortgage, which mortgage had been foreclosed, the testimony of one who acted at the foreclosure sale as agent for the mortgagee purchaser in buying the land at the foreclosure sale was admissible.

8. **Same; Foreclosure; Purchase by Mortgagee's Agent; Effect.**—The mortgagor had the right to rely on the act of the mortgagee in purchasing at the foreclosure sale through an agent, and the mortgagee was bound by the agent's purchase at such sale.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Assumpsit by Roberts & Sons against B. P. Williams and others for a deficiency on notes secured by mortgage, which had been foreclosed, with plea of set-off and payment by the defendants. There was judgment for defendants for a balance on their plea of set-off and plaintiffs appeal. Affirmed.

[Roberts & Sons v. Williams, et al.]

Transferred from the Court of Appeals under Acts 1911, p. 450.

WALTER NESMITH, for appellants.  KELLY & YOUNG, for appellee.

THOMAS, J.—By agreement of counsel, this case was tried by the court without the intervention of a jury.  The suit was brought on two notes that had been secured by mortgages.  These mortgages had been foreclosed by a sale under the terms therein contained; and at such public sale the plaintiffs were the purchasers of the lands mortgaged.

The judgment entry recites: "Defendants filed the following pleas, the general issue, set-off, recoupment, and payment, in short by consent with the agreement that all matters sustaining said pleas could be given in evidence as fully as if said pleas were written out in full, and issue being joined on said pleas the court proceeded to try the said cause without the intervention of the the jury, and the court after hearing the evidence finds that the defendants are entitled under the evidence to the sum of $40 under their plea of set-off,  *  *  *  it is the order and judgment of the court that the defendants under their plea of set-off. *  *  *  have and recover of the plaintiffs the sum of $40," etc.

The plaintiffs contend that at the foreclosure sale they bid the sum of $350 for the land in question, leaving the defendants, as the makers of the notes, indebted to plaintiff's in the sum of $48.  The contention of the defendants is that when the lands were sold at public outcry, under the terms of the mortgage, the plaintiffs purchased, through their agent, Hill, for the sum of $441.46.

The court sustained the latter view, and found for the defendants under their plea of set-off, rendering judgment for the balance due after application of the purchase price to the amounts of the respective mortgage debts.—Code 1907, §§ 5858, 5860; *Lehman v. Austin*, 195 Ala. 244, 70 South. 653; *Lawton v. Ricketts*, 104 Ala. 430, 16 South. 59.

It may be said, of the proof of agency and the extent thereof:

(1) 1. That while the fact of agency may not be proved by the declarations of the alleged agent, the existence of the agency may be established by the testimony of the agent, and that "such testimony may involve only a statement of the fact of agency

without going into the details as to how the relation was brought about or as to the particular facts upon which the agency rests."—*Parker v. Bond,* 121 Ala. 529, 25 South. 898; *Rogers v. Smith,* 184 Ala. 506, 63 South. 530. See *State v. Bristol Savings Bank,* 108 Ala. 3, 18 South. 533, 54 Am. St. Rep. 141.

' (2, 3) 2. If the fact of agency rests in parol, or it is to be inferred from the conduct of the principal, and there be evidence tending to show the agency, the acts or declarations of the agent are admissible in evidence, and the jury must determine the fact of agency vel non.—*Martin v. Brown,* 75 Ala. 442; *Reynolds v. Collins,* 78 Ala. 97; *Gibson v. Snow,* 94 Ala. 346, 10 South. 304; *Robinson v. Greene,* 148 Ala. 434, 43 South. 797; *Miller v. Stewart,* 166 Ala. 657, 51 South. 943, 21 Ann. Cas. 1149.

(4, 5) 3. Where the powers and duties of the agent are not reduced to writing, the agent's testimony is competent as tending to prove his authority or the extent thereof. In *Phoenix Co. v. Copeland,* 86 Ala. 551, 6 South. 143, 4 L. R. A. 848, Chief Justice STONE declared that an agent should be allowed to testify to the extent of his powers, when it becomes material, in an action on a contract made by him for his principal (*Parker v. Bond, supra; Rogers v. Smith, supra; Liddell v. Sahline,* 55 Ark. 627, 17 S. W. 705; *O'Leary v. German-Amer. Ins. Co.,* 100 Iowa 390, 69 N. W. 686; *Cowles v. Burns,* 28 Kan. 32; *Reeves v. Bruening,* 13 N. D. 157, 100 N. W. 241; 2 Greenl. Ev. [16th Ed.] 63; 2 Jones Ev. 255); that it may be shown by the alleged agent that he had no authority to do the act in question (*Gilliland v. Dunn,* 136 Ala. 327, 34 South. 25; *Robinson v. Ætna Fire Ins. Co.,* 135 Ala. 650, 34 South. 18); but, notwithstanding this denial, by the alleged agent, of the agency or of his authority, the adverse party may show that the relation in fact existed, and the extent of such agency (*State v. Bristol Savings Bank,* 108 Ala. 3, 7, 18 South. 533, 54 Am. St. Rep. 141; *Larson v. Lombard Invest. Co.,* 51 Minn. 141, 53 N. W. 179).

(6) 4. Where the evidence shows that the actor has been held out by the alleged principal, as being his agent or as possessing the authority assumed by such agent within the scope of the principal's business, the doctrine of apparent authority can be invoked by one who has been misled to his detriment.—*Patterson v. Neal,* 135 Ala. 482, 33 South. 39; *Fulton v. Sword Med. Co.,* 145 Ala. 331, 334, 40 South. 393; *Robinson & Co. v. Greene,*

*supra; Syndicate Ins. Co. v. Catchings,* 104 Ala. 176, 16 South. 46; 1 Am. & Eng. Ency. Law, (2d Ed.) p. 990.

(7) There was no error in the admission of the testimony of the witness, Hill, who acted at the foreclosure sale as agent of the mortgagee-purchasers. There was evidence from which the court might infer that Hill, as the agent of plaintiffs, purchased the land at the foreclosure sale at the price of $440, and on which the court might render judgment for defendants on their plea of set-off.

(8) The defendants had the right to rely on plaintiffs' act in purchasing at the foreclosure sale, through their agent, Hill; and the plaintiffs were bound by the act of purchase of their agent at such sale.—*Doran v. Gilreath,* 196 Ala. 377, 72 South. 94; *Capital Security Co. v. Owen,* 196 Ala. 385, 72 South. 8.

We have examined the entire record, and, finding no error of the trial court, the case is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.