(101 So. 748)

## CAMPBELL MOTOR CO. v. BREWER.
(8 Div. 682.)

(Supreme Court of Alabama. Oct. 23, 1924.)

**1. Evidence ⬅⬆174(1)—Carbon copy of buyer's order held admissible.**

In action for deposit on purchase price of automobile never delivered, carbon copy of buyer's order, which he testified was given him at time for original, *held* admissible without accounting for latter.

**2. Principal and agent ⬅⬆22(2)—Agent's acts and declarations admissible where fact of agency rests in parol or is to be inferred from principal's conduct.**

Where fact of agency rests in parol or is to be inferred from principal's conduct, and there

is evidence tending to show agency, agent's acts and declarations are admissible.

**3. Evidence ⊜⊃426—Proof of agent's acts and declarations held admissible on issue as to payee of notes.**

In action to recover deposit on purchase price of automobile never delivered, parol testimony that person obtaining plaintiff's order "was working there" with defendant, and said he was latter's agent, when contract was made, *held* admissible, the suit being collateral inquiry as to payee of notes for deferred payments.

**4. Principal and agent ⊜⊃22(1)—Question whether notes for deferred payments were presented for payment, and by whom, held material and competent.**

In action for deposit on purchase price of automobile never delivered, it was material and competent, on issue of salesman's agency, for defendant to ask witness whether notes for deferred payments were presented for payment, and by whom.

**5. Sales ⊜⊃397—Statement of reason for seller's refusal to execute contract held admissible.**

In action for deposit on purchase price of automobile, witness' statement that contract was not executed because of failure to agree to pay interest on deferred payments, *held* admissible.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Action on common counts by J. S. Brewer against the Campbell Motor Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The complaint is in two counts—one for money had and received; the other on an account. On April 18, 1923, the plaintiff executed an order addressed to "Campbell Motor Company, dealer," for a used Ford car, the price of which was $175, and made deposit of $25, the receipt of which is acknowledged in the order. He was to pay, it appears, an additional cash payment upon delivery of the car and the balance in monthly installments. The order was signed by the plaintiff and by Jas. W. Bond, as agent obtaining the order. The car was never delivered.

Evidence for plaintiff tends to show that the making of the order was in the office of the defendant; that Bond was the agent of the defendant; that plaintiff never received the car ordered, for the reason that, when he called to complete the transaction by paying the additional cash price and executing notes for the balance, a demand was made for interest on the deferred payments; that interest had not been provided for in the contract; that he declined to pay the interest and demanded return of his deposit; that Bond told him he must come later after he had taken the matter up with Mr. Campbell;

that plaintiff came again for his money and did not get it, whereupon he brought suit. Evidence for plaintiff tended further to show that the notes representing deferred payments had been prepared, and that they were made payable to Campbell Motor Company.

Evidence for defendant was to the effect that Bond was a commissioned salesman, but that in selling used cars he acted for himself; that the car involved in this suit was not that of the defendant; that Bond did not act for defendant in selling it; that the order was never approved by defendant, and that the deposit in question had never been received by the defendant.

There was judgment for plaintiff in the sum of $25 and from it defendant appeals.

Bradshaw & Barnett, of Florence, for appellant.

The plaintiff not having accounted for the original, copy of the contract or order was erroneously admitted. C. W. Zimmerman Mfg. Co. v. Dunn, 163 Ala. 272, 50 So. 906. Agency cannot be proven by declarations of the agent out of the presence of the principal. Eubanks v. Anniston Mer. Co., 171 Ala. 488, 55 So. 98. Evidence of the contents of the notes was erroneously admitted. Barbour v. Cantrell, 193 Ala. 154, 69 So. 67; St. Louis Hay Co. v. American Cast Iron Pipe Co., 167 Ala. 442, 52 So. 904.

A. A. Williams, of Florence, for appellee.

The contract introduced was signed by the parties and was the one given plaintiff; it was the original contract. R. D. Burnett Cigar Co. v. Art Wall Paper Co., 164 Ala. 547, 51 So. 263; Supreme Court rule 45. The acts and declarations of the agent here were admissible. Robinson v. Greene, 148 Ala. 434, 43 So. 797; Pullman Co. v. Meyer, 195 Ala. 397, 70 So. 763.

THOMAS, J. [1] Though the buyer's order declared upon appears to be a carbon copy, rather than the original, no error was committed in admitting it in evidence. Plaintiff testified that it was given to him at the time for the original. It was not necessary to account for the original of such order. For the purposes of the suit, under the foregoing evidence, it was the original, given and accepted as such.

[2, 3] There was no error in permitting the witness to testify that "Mr. Bond was working there" with defendant, and said he was its agent at the time the contract was entered into. Roberts & Sons v. Williams et al., 198 Ala. 290, 73 So. 502. Where the fact of agency rests in parol or is to be inferred from conduct of the principal, and there is evidence tending to show agency, the acts and declarations of the agent become admissible. This is a different case to Eubanks v.

---

⊜⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Anniston Merc. Co., 171 Ala. 488, 55 So. 98, where the husband sought to bind his wife by a declaration of his agency to purchase a stock of goods.

[4] The suit was not upon the notes for deferred payments on the car. It was a collateral inquiry as to the payee of the notes that was properly permitted by parol. It was also material and competent to ask the witness to state whether or not said notes were presented for payment, and by whom. However, the question was not answered.

[5] The statement of the ground of refusal of defendant to comply with the contract of sale was material, and no error intervened in the statement of the witness that the contract was not executed because of the failure to agree to pay interest on the deferred payments.

There was no error shown to have been committed on the trial, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.