## LE BLANC et al. v. CURTIS et al.

(Circuit Court of Appeals, Fifth Circuit. May 27, 1925.)

No. 4503.

1. **Principal and agent** ☞189(4)—**Allegation of "execution" of instrument supported by evidence that it was done through an agent.**

An allegation that one "executed" an instrument is supported by proof that another,

at his request and in his presence, signed his name to the instrument and in his behalf delivered it.

2. **Principal and agent** ☞21—**Agency may be proved by testimony of agent.**

The fact of agency may be proved by the testimony of the alleged agent.

3. **Army and navy** ☞51½, New, vol. 12A Key-No. Series—**Evidence held sufficient to show change of beneficiary of policy of war risk insurance.**

Under a regulation made by virtue of authority given by War Risk Insurance Act, § 13 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk), providing that a change of beneficiary may be effected by "notice in writing to the Bureau of War Risk Insurance, signed by the insured or by his duly authorized agent," such a notice, to which, as shown by the evidence, the name of insured was signed by his wife, at his request and in his presence, *held* sufficient.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit by Mrs. Gladys M. Curtis against the United States, and bill of interpleader by the United States against plaintiff and Mrs. Leta Marie Le Blanc and Miss Raneta Curtis. Judgment in favor of Mrs. Curtis, and the other respondents appeal. Affirmed.

George Sergeant, of Dallas, Tex., for appellants.

Hal Lindsay and C. P. Goree, Asst. U. S. Atty., both of Atlanta, Ga., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellee Gladys M. Curtis, the widow of Edwin Acton Curtis, brought suit on a policy of insurance issued to the deceased under the War Risk Insurance Act. Comp. Stat. § 514a et seq. The original beneficiaries under that policy were the appellants, two sisters of the deceased. A question having arisen as to the genuineness of an instrument to which deceased's name was signed, and which purported to be an application by him, after his marriage to appellee, subsequent to the issue of the policy, that the policy be so changed as to make the appellee the sole beneficiary, the United States filed a bill of interpleader, which resulted in the appellee and the appellants, respectively, setting up opposing claims to the benefits of the policy.

The original suit by the appellee on the policy and the interpleader suit were con-

solidated and the consolidated suit was tried by the court without a jury. The judgment in favor of the appellee was based on agreed facts and on findings of facts made by the court. The evidence showed that the deceased died on March 9, 1919. The only assignments of error are based upon the action of the court in permitting the appellee to testify that she signed her husband's name to the above-mentioned instrument under his direction and at his request, and in permitting the introduction in evidence of that instrument.

The just-mentioned testimony of the appellee was objected to on the following grounds: (1) That that testimony was an attempt to show that that instrument was signed through an agent, that the allegata and probata did not correspond, and the evidence was therefore without pleading to support it, and consequently inadmissible.

(2) That such testimony was but an attempt to prove the agency of appellee for her husband by the declaration of the agent herself, and therefore inadmissible, no agency having been proved from any other source.

(3) That the War Risk Insurance Act, as well as the rules and regulations established by the board of war risk insurance, prescribed the method of changing the beneficiary, and the steps necessary to be taken, and that the act, and the rules and regulations must be followed, and that the testimony did not tend to show compliance with the act, the rules or the regulations. The objection to the introduction in evidence of the instrument mentioned was based on the same grounds which were stated in the objections to said testimony of the appellee.

[1] The first-mentioned ground of objection involved the unwarranted assumption that the testimony objected to was variant from the allegation of appellee's pleading to the effect that her deceased husband "executed and delivered" the document mentioned. An allegation that one executed an instrument is supported by proof that another at his request and in his presence signed the latter's name to the instrument and in his behalf delivered it, as such allegation does not specify the method of execution, which, in the absence of a statute otherwise requiring, may be either by the hand of the maker or by that of his agent. Merchants' & Farmers' Bank v. Johnston, 130 Ga. 661, 61 S. E. 543, 17 L. R. A. (N. S.) 969, 14 Ann. Cas. 546.

[2] The ground of objection numbered 2 is based on a misconception of the meaning of the rule that agency may not be proved by the declaration of the alleged agent. That rule refers to a form of hearsay testimony, and forbids testimony as to what the alleged agent stated or declared, out of court, as to his being another's agent. That rule does not have the effect of preventing the fact of agency being proved by the testimony of the alleged agent. Parker v. Bond, 121 Ala. 529, 25 So. 898.

[3] A regulation made and approved by the Secretary of the Treasury on February 24, 1919, by virtue of the authority conferred by section 13 of the War Risk Insurance Act, being Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk (T. D. 41 W. R.), provided as follows: "A change of beneficiary to be effective shall be made either (a) * * *; or (b) by notice in writing to the Bureau of War Risk Insurance, signed by the insured or by his duly authorized agent. * * * Any application for a change of beneficiary or the designation of a beneficiary heretofore made shall be deemed sufficient if it complies with the requirements imposed by this regulation."

Evidence adduced tended to prove that the above-mentioned instrument, the deceased's signature to which was not in his handwriting, was signed after the above-quoted regulation went into effect, and reached the Bureau of War Risk Insurance on March 7, 1919, and findings of the court were in accordance with that evidence. The testimony in question, in connection with the just-mentioned evidence, tended to prove that the above-mentioned instrument was a "notice in writing to the Bureau of War Risk Insurance, signed by the insured or by his duly authorized agent," within the meaning of the above-quoted regulation, and that that instrument, under that regulation, was effective as an application by the insured for a change of beneficiary in the policy in question. This being so, the ground of objection numbered 3 was not a tenable one. We conclude that the testimony in question was not subject to objection on any ground stated.

The objection to the introduction in evidence of the instrument mentioned having been based on the same untenable grounds, it follows that it was not error to overrule that objection.

It was contended in argument that, with the above-mentioned testimony excluded,

the evidence adduced did not warrant the court's findings and judgment in favor of the appellee. As this contention is based on unsustainable complaints as to rulings on objections to evidence, it cannot prevail, assuming that the assignments of error justify the urging of it.

As the record shows no reversible error, the judgment is affirmed.