# Bessemer Land & Improvement Co. v. Dubose.

*Action to recover Damages for Personal Injuries.*

1. *Pleading and practice; when ruling upon demurrer will not be reviewed upon appeal.*—The mere recital in a judgment entry that demurrers to the complaint are sustained or overruled and the demurrers to the pleas are sustained or overruled, as the case may be, is nothing more than a memorandum of the rulings of the court, and being in no way a judgment by the court upon the demurrers referred to, assignments of error based upon such rulings will not be considered on appeal.

2. *Evidence; impeachment of witness.*—The testimony of a witness on immaterial points can not be contradicted for the

[Bessemer Land & Improvement Co. v. Dubose.]

purpose of impeaching him or discrediting his testimony; and, therefore, evidence introduced for the purpose of discrediting the testimony of a witness as to a fact which was collateral or irrelevant to the issue is inadmissible.

3. *Action for negligence; when general affirmative charge properly given.*—In an action against a mining company to recover damages for personal injuries, which were caused by the plaintiff being kicked by a mule which he was driving in the discharge of his duties as an employé of the defendant, and the negligence charged was that the defendant, knowing the vicious disposition of the mule, failed to inform or warn the plaintiff thereof, where the evidence shows that before he was injured, the plaintiff was informed by a number of the witnesses that the mule was vicious and was in the habit of kicking, and he had, himself, seen a manifestation of the vicious disposition of the animal, the plaintiff is not entitled to recover; since, if he had the information, as shown by the evidence, prior to and at the time of his injury, it could not be said that the injury was the result of the failure of the defendant to inform or warn him of the vicious disposition of the mule.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, John M. Dubose, against the Bessemer Land & Improvement Company, to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant in its mines, on January 6, 1898. The complaint contained eight counts. The first and second counts of the complaint were as follows:

"Plaintiff claims of defendant five thousand dollars as damages for that, heretofore, to-wit, within one year before the filing of this suit, defendant was running and operating a certain mine at or near Belle Ellen, Alabama, and, in or about said business, used a certain mule; that said mule was of a vicious disposition, being disposed to kick its driver; that at said time plaintiff was in the service or employment of defendant and, while engaged in or about the said services or employment of defendant as driver of said mule, plaintiff was kicked by said mule, and, as a proximate consequence thereof, two of plaintiff's teeth were knocked out, and

plaintiff was cut, bruised and mangled about the nose, face and head, the plaintiff was made sore and sick and suffered great mental and physical pain and his physical health and stamina were greatly impaired, and a persistent discharge from his head and throat was caused; and plaintiff was scarred and disfigured and lost much time from his business and was rendered permanently less able to work and earn money; and plaintiff was put to great expense and trouble in his efforts to heal and cure said wounds, injuries and sickness, for medical attention, medicine, care and nursing. Plaintiff alleges that the said disposition of the said mule was well known to defendant, and defendant, while well knowing the said vicious disposition of said mule, wrongfully furnished said mule to plaintiff to be driven by him. Plaintiff was kicked and suffered the injuries and damage as aforesaid by reason and as a proximate consequence of the said wrong of defendant.

"2. Plaintiff refers to and adopts all the words and figures of the first count from the beginning thereof to and including the words 'care and nursing,' where they first occur together in said count; and plaintiff further avers that defendant well knew the said vicious disposition of said mule, and, notwithstanding said knowledge, wrongfully failed to warn or inform plaintiff of said vicious disposition, and plaintiff was kicked as aforesaid and suffered said injuries and damage as a proximate consequence of said wrong."

The third count relies upon the alleged negligence of defendant's driver boss, in wrongfully causing plaintiff to be engaged in driving said vicious mule.

The fourth count relied upon the failure of the driver boss to warn or notify plaintiff of vicious disposition of said mule.

The fifth count relies upon the negligence of the driver boss in ordering or directing plaintiff to drive said mule, without notifying or warning plaintiff of said vicious disposition of said mule.

The sixth count relies upon the negligence of the defendant's driver boss, one Nash.

The seventh and eighth counts seek to charge defendant's driver boss with willfulness or wantonness.

There were demurrers interposed to the several counts of the complaint. Defendant filed a plea of the general issue and a plea relying upon the contributory negligence of the plaintiff in handling the mule in a careless and negligent manner, and a plea charging that, plaintiff knowing the character of the mule, remained in the service, without any reasonable expectations of being furnished with another mule.

Plaintiff demurred to defendant's second and third pleas, in so far as they purported to answer the seventh and eighth counts of plaintiff's complaint, on the ground that said counts averred recklessness and wantonness or intentional wrong, to which plaintiff alleged contributory negligence was no answer.

The judgment entry as to the rulings of the trial court upon the demurrers was as follows: "And defendant's demurrers refiled to plaintiff's complaint as amended are by the court heard, considered and overruled. Defendant is allowed by the court to file pleas to the whole complaint as amended, No. 1, 2 and 3 and additional plea No. 4. Plaintiff's demurrers to defendant's 2 and 3 pleas, so far as same purport to answer 7th and 8th counts, are by the court heard, considered and sustained."

The evidence showed that on the day the plaintiff was injured he was employed by the defendant as a driver in its coal mine; that he was employed in the morning and was injured in the evening of the same day; that after his employment he was put to work driving a mule in the mines of the defendant for the purpose of drawing tram cars into and out of the mines; that he was kicked by the mule in the face and his face and his lip were cut and two of his teeth were knocked out.

The testimony for the plaintiff tended to show that when he went to work for the defendant he asked one Hudgins, who was the "boss driver," and under whose immediate superintendence he worked, whether or not the mule which he was to drive was a kicking mule, and that to this question the boss driver replied that he was not.

[Bessemer Land & Improvement Co. v. Dubose.]

The testimony for the defendant tended to show that when the plaintiff applied for work the boss driver told him that he could give him work, but that he had only one mule and that he was a rough and kicking mule, and that upon his assigning him to work on the morning of the injury, he told the plaintiff that if he did not watch out the mule would kick him. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence in this case they cannot find for plaintiff under the first count of the complaint." (2.) "If the jury believe the evidence in this case they cannot find for the plaintiff under the second count of the complaint." (3.) "If the jury believe the evidence in this case they cannot find a verdict for the plaintiff under the third count of the complaint."

There were verdict and judgment for the plaintiff, assessing his damages at $3,150. There was a motion made for a new trial, which was overruled, but it is unnecessary to set out the facts relating thereto. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER PERCY and JNO. F. MARTIN, for appellant.—

BOWMAN & HARSH and C. P. BEDDOW, contra, cited L. & N. R. R. Co. v. Orr, 26 So. Rep. 41; K. C., M. & B. R. R. Phillips, 98 Ala. 168; L. & N. R. R. Co. v. Brown, 25 So. Rep. 611.

TYSON, J.—There is no judgment to support the assignments of error predicated upon the rulings of the court on the demurrers interposed to the complaint as amended and to the defendant's pleas two and three, so far as they purport to answer the 7th and 8th counts

of the complaint. We cannot, therefore, review the actions of the court with respect thereto.—*Cartlidge v. Sloan*, 124 Ala. 596; *McDonald v. Railway Co.*, 123 Ala. 227, and authorities there cited.

On cross-examination of Hudgins, the boss driver at the defendant's mines, who employed the plaintiff and furnished to him the mule to drive, that injured him, a number of questions were asked him by plaintiff against the objections of the defendant, which were immaterial to the issue tried by the jury. The questions were these: "Were you in the habit of telling the drivers as you put them to work driving this mule, that the mule was a rough mule and would kick? When did you tell them? What did you tell Bud McCully about this mule? Did you tell Ben Campbell when you put him to work that the mule was a kicking mule? Tell as near as you can what you told Campbell about the mule?" The witness was permitted to answer each of these questions against the objection of the defendant and to the last two questions the witness replied: "I told Campbell that the mule was a rough one and would kick and for him to watch him and not overload him and not give him any show for kicking. That was about a month before I put plaintiff to work, and was at the mine at Belle Ellen."

It appears from the testimony that it was an undisputed fact that the mule that injured the plaintiff was a kicking mule, and that his viciousness in this respect was known to this witness, long prior to the time he employed the plaintiff. Indeed, the witness Hudgins, the only witness examined by the defendant for the purpose of showing that he informed the plaintiff at the time he employed him that the mule would kick, testifies not only to his knowledge of the viciousness of the animal, but the fact of its vicious disposition also.

The material and vital issue of fact made by this witness was that he informed the plaintiff when he employed him that the mule was a rough and kicking mule. The plaintiff and his brother swore that this was not true. If the jury should have believed that Hudgins was swearing to the truth on this vital point, this would

have entirely destroyed the plaintiff's right to a verdict. It may be said, then, so far as the plaintiff's case was involved, that it was of the utmost importance that the force of Hudgins' testimony should be broken and its effect impaired in the minds of the jury in some way. In order to accomplish this purpose, the plaintiff on rebuttal introduced Campbell as a witness, who testified, against the objection of the defendant, that Hudgins had never at any time told him that the mule would kick. This was clearly erroneous. The questions propounded to Hudgins set out above were collateral and irrelevant to the issues in the case. "And the rule is too well settled for discussion, both in practice and by authority, that 'a witness cannot be cross-examined as to any fact, which is collateral and irrelevant to the issues, merely for the purpose of contradicting him by other evidence, if he should deny them, and thereby discredit his testimony. And if a question is put to the witness which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question; but it is conclusive against him.' "—*Hussey v. The State*, 87 Ala. 133; *Blakey v. Blakey*, 33 Ala. 611; *Ortez v. Jewett & Co.*, 23 Ala. 662.

Had Hudgins denied any knowledge of the disposition of the mule to kick or had sworn that it was not a rough or kicking mule, then for the purpose of showing that he possessed such knowledge, it would doubtless have been competent on cross-examination to have asked him if he did not make the statement to others that it was a kicking mule. And indeed, for the purpose of showing his knowledge of the vicious temperament of the animal, any person to whom he had made the statement that it would kick, would be permitted to testify to such statement, and this, too, without a predicate being laid as to the time, place, etc., when he made the statement. In such a case, his statements would be original testimony. But this is not that case. And besides, here the plaintiff, after an admission by Hudgins of his knowledge and that he told Campbell that the mule would kick, proves by Campbell that he made no such statement to him. Obviously, the only purpose in introducing Camp-

bell, as we have said, was to discredit Hudgins' testimony before the jury. The cases cited in appellee's brief have no application to the question here involved.

Charge No. 2 requested by the defendant should have been given.

The gravamen of count two of the complaint is that the defendant, well knowing the vicious disposition of the mule, failed to warn or inform the plaintiff of said vicious disposition. In order, therefore, for the plaintiff to recover under this count the evidence must tend to show that his injury resulted from the failure of the defendant to warn or inform him of the vicious disposition of the animal. If he had this information prior to and at the time of his injury, then it cannot be said that his injury was the result of the failure of the defendant to warn or inform him of that fact. A number of witnesses testify to having told him that the mule was vicious. He testifies, himself, that Campbell said to him, in the morning before he was injured: "Be careful; keep your hand off that mule; if you don't he will kill you." He also testifies: "He (the mule) worked very well that morning, but when driving along he would stop and go to kicking." So, according to his own admission, he was not only informed of the vicious disposition of the animal, but had actually seen a manifestation of it.

As the cause must be remanded for another trial, we will not review the action of the court in refusing the motion of the defendant for a new trial.

Reversed and remanded.