# Fleming, *et al. v.* Lunsford, *et al.*

## *Assumpsit.*

(Decided Dec. 16, 1909. 50 South. 921.)

1. *Contracts; Alteration by Consent; Evidence.*—Where the action was for value of work and material in the construction of a building not included in the contract, the suit being for the difference between the value of such work and material and the value of the work and material omitted pursuant to the provisions of the contract. permitting alteration, a question to plaintiff as to why the excavations are only six inches when the contract called for 18 inches. and the answer that an 18 inch excavation would have given a poorer foundation, and that one of the defendants was present and saw the deviation from the contract without objection, were admissible for the purpose of showing an alteration made with. defendant's acquiesence.

2. *Witnesses; Examination Leading Questions.*—A question "didn't plaintiff refuse to pay you in´full for your services on the ground that it was not first class work" was leading and properly refused.

3. *Same; Responsive Answer.*—The question was propounded to the witness as follows: "State what was the difference in the material called for in the construction of said building and the material used by the contractor; state the difference in value." The witness answered, "the specifications called for all the material and workmanship to be of the best quality throughout, and the workmen capable in their different lines. There is no indication that either the best materials were used or that capable workmen were in charge of the erection of the building. I should say the building, as a whole, was damaged about one-third of its cost. The work, generally, was inferior in every respect." All the answer except the last sentence was stricken on motion. Held, properly stricken as not responsive.

4. *Damages; Measure; Breach of Contract.*—Where the action was for value of work and material used in the construction of a building, which were not included in the contract, the measure of defendant's damage on a counter claim for work and materials omitted which were called for by the contract, was the difference in the value of the buildings constructed or work done and that con-

[Fleming, et al. v. Lunsford, et al.]

tracted for, and hence, evidence of the market value of the buildings as constructed was properly admitted.

5. *Evidence; Admissions; Declarations of Agent.*—Statements made by the architect of the owner while inspecting the building with the view of advising the owner whether it had been constructed according to agreement, were binding on the owner, and admissible in evidence as the declaration of the owner's agent made while engaged in the work of his agency, the suit being by the contractor for the contract price.

6. *Charge of Court; Abstract Charge.*—Unless it is apparent that the jury were misled thereby, it is not reversible error to give an abstract charge.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by G. M. Lunsford, and others, against P. T. Fleming and others. Judgment for plaintiffs and defendants appeal. Affirmed.

The tenth assignment of error is as follows: "The court erred in excluding, upon motion of the plaintiffs, the answer of witness Frank Lockwood, contained in his deposition, to a question asked him by defendant, which answer was excluded, except the following: "The work, generally, was inferior in every respect.' The question was: 'State what was the difference in the material used in the construction of the said building, and the material used by the contractors. State the difference in value.' Answer: 'The specifications called for all materials and workmanship to be of the best quality throughout, and the workmen to be capable in their different lines. There is no indication that either the best materials were used or that capable workmen were in charge of the erection of the building. I should say the building as a whole was damaged about one-third of its cost. The work, generally, was inferior in every respect.' All the answer but the last sentence was stricken on motion."

The following are the charges given: (1) "The court charges the jury that if, in the construction of the

building, certain parts of the building according to the plans agreed were not constructed, and the jury believed from the evidence that said omissions were made by agreement between plaintiffs and defendants, and the jury further believe that defendants also agreed to pay for the work as done the original contract price notwithstanding the omissions, then defendants are not entitled to a credit on the contract price by reason of the omission." (2) "If the contract was by mutual consent changed or modified after its execution, and the defendants agreed to pay the original contract price for the building in question as the same was to be built under the changed contract, and they did not pay as the price therefor the original contract price, and accept the house changed and different from the house contemplated in the original contract, then defendants are not entitled to the difference, if any there be, between what it would cost to build the house according to the original contract and what it would cost to build it according to the contract as so changed."

J. H. WILKERSON, R. H. ARRINGTON, and CLAUD RILEY, for appellant.—Counsel discuss assignments of error, seriatim, but without citation of authority.

J. F. SANDERS, and O. C. DOSTER, for appellee.— The evidence as to why the excavations were six instead of eighteen inches, and that the defendant stood by and saw it done, was admissible.—*Badders, et al. v. Davis,* 88 Ala. 367; *Comish v. Syndon,* 99 Ala. 620; *Adams v. Wyndam.* The question to the witness Pippin was leading.—*Kripps v. Brown,* 108 Ala. 508; *McDonald's case,* 118 Ala. 672. It also called for the motive or reason for the refusal to pay.—71 Ala. 283. The market value of the building was proper evidence on

[Fleming, et al. v. Lunsford, et al.]

the question of damages.—6 Cyc. 113; 113 Mo. App. 357; 103 N. Y. Supp. 611. The declarations of the architect were admissible.—*Belmont C. Co. v. Smith,* 74 Ala. 206; *A. G. S. v. Hill,* 76 Ala. 303. The answer of the witness Lockwood was not responsive, and hence, was properly stricken.—*Wade v. Williams,* 11 Ala. 826; 64 Ala. 1; 129 Ala. 574. The charges were correct.— 1st authority supra.

McCLELLAN, J.—This suit was instituted against appellants by appellees, and sought, as "original contractors," to recover a sum of money alleged to be due appellees on account of work done and materials furnished in the construction of a building, to be used as an infirmary, in Enterprise. The pleading was in short by consent, with leave to give in evidence "all testimony that might be legally introduced if the parties had filed special pleadings." All pleas were withdrawn under this arrangement.

All of the errors assigned, save two, complain of rulings on the admission and rejection of evidence. The difficulty of dealing with such assignments where the issues, below those made by the complaint, are not specifically defined, is apparent. There is a sense of uncertainty in considering in review grounds of complaint against rulings made where the issues are undefined. The practice of pleading in short by consent is time-honored, and no reflection upon it is intended; but the status giving rise to matters assigned as error is always desired to be fully known when the action below is assigned.

Gathered from the evidence, these seem to be the points of controversy, or rather the status out of which they have arisen: The plaintiff's claim was for work and materials done and furnished by them, not includ-

ed or embraced in the contract, for the building of the structure for defendants. This sum was to be arrived at by deducting from the value of this work and materials the sum or value of work and materials omitted in consequence of agreement of the parties, or resulting from alterations of the plans, etc., which the contract anticipated in provision therefor. The plaintiffs litigated their rights upon this idea, and also upon the theory that, in this action, the sum otherwise demandable by them could be tolled, if not absorbed, by deduction of the damages accruing to defendants because of the failure, unexcused, of the plaintiffs to perform the contract in the particulars not altered by mutual agreement or acquiescence of the parties. True, there is some indicia of a purpose by plaintiffs to refute any idea of willingness to submit plaintiffs' recovery to the influence of the last stated theory; but, notwithstanding, that appears to have been the general trend of the trial, as that is indicated by both the parties litigant. We express no opinion upon the question of the propriety vel non of the course so mutually pursued. It is not a matter of inquiry here, in the light of the acts of the parties in this connection on the trial. On this state of evidence-made issues we review the rulings of the court below.

The contract called for eighteen-inch excavations for foundations, whereas not more than 6-inch excavations were made. Lunsford, one of the plaintiffs, was asked, when testifying, "Why were the excavations only 6 inches, instead of 18 inches?" The court properly allowed the question. If nothing more appeared in the bill, the question was immediately capable of eliciting a response within the contract provisions for alterations by agreement of the parties. When the answer came it tended to show that an 18-inch excavation would have offered

a less sound foundation than one of 6 inches, and also that one of the defendants stood by and saw without objection this deviation from the letter of the contract. It was at least open to the jury to find from the answer that the defendants acquiesced in the change of foundation depth. Hence assignments 1 and 2 are without merit.

Pippin, defendants' witness, was asked, on his examination in chief, this question: "Didn't Lunsford, one of the plaintiffs, refuse to pay you in full for your services upon the ground that it was not first-class work?" The bill recites that objection (stating no ground) was made and the question was disallowed by the court. The question was leading, and we ascribe the action of the court to that as a sufficient reason to avoid error. On the issues made as stated, it is evident that proof of the market value of the building was properly admitted, since for the damages claimed by defendant, in the nature of counterclaim, the measure of the damages, ordinarily, is the difference in value of the building constructed or work done and that stipulated for in the contract.—6 Cyc. p. 113. Accordingly assignments 4, 5, and 6 cannot be sustained.

Lockwood was shown to be the architect of the building, and the statement of Lockwood, sought to be drawn from the witness Leath, was uttered, according to some of the evidence, while Lockwood was inspecting the building with a view to advising defendants, as their representative, whether the building had been constructed according to the agreement of the parties. He was the agent of the defendants on the occasion, was then engaged in the particular service for which he was employed, and his declarations so made were admissible and binding on his principals.—5 May. Dig. p. 549, subhead 571. Assignments 7 and 8 were without merit.

[Fleming, et al. v. Lunsford, et al.]

Lockwood, whose testimony was taken by deposition, was asked by defendants the difference in value between the work and materials in the "operating room" as done and that required by the plans and specifications. In response to this question the witness said, among other things, that "the entire operating room was worthless, so far as serving his purpose was concerned." This feature of the answer was stricken on plaintiffs' motion. It was, obviously, not responsive to the question—had reference to a matter entirely outside of it. The part stricken was properly so treated. Nor was there error in striking, in part, the answer mentioned in the tenth assignment. It was not responsive to the question. The question called for a comparison of value along the line of the interrogatory before stated, except as that difference related to the entire building. The answer was descriptive of the materials used and work done, but did not assume to state the value, the only matter asked for.

According to the insistence of counsel for appellants, charges 1 and 2, given for plaintiffs, were abstract. It is not reversible error to give abstract charges, unless it is apparent that the jury was misled thereby.—2 May. Dig. 564, 565. It is not so apparent here, even assuming that the charges were abstract, as counsel for appellant contends.

There is no error shown. The judgment is affirmed.

Affirmed.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.