(80 South, 628)

ATTALLA COMPRESS & STORAGE CO. v. ADAMS. (7 Div. 482.)

(Court of Appeals of Alabama. Dec. 17, 1918.)

1. EVIDENCE ⊜⟹243(4) — DECLARATION OF AGENT.

Declaration of defendant's general manager, in charge of its warehouse, on inquiry by plaintiff as to what had been done with one of the bales of cotton shipped by plaintiff, consigned to B., in care of defendant, being with reference to a pending transaction, and made by him while acting within the scope of his authority, was admissible against defendant.

2. WAREHOUSEMEN ⊜⟹25(5)—LIABILITY FOR MISDELIVERY.

Defendant, in whose care plaintiff shipped cotton, consigned to B., having as agent of the carrier or bailee of plaintiff received it in its warehouse, was liable for delivery of a bale thereof to another than B., without authority from plaintiff.

Appeal from Circuit Court, Etowah County; John H. Disque, Judge.

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 15 Ala. App. 423.

Action by J. M. Adams against the Attalla Compress & Storage Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Motley & Motley, of Gadsden, for appellant. W. J. Boykin, of Gadsden, for appellee.

BROWN, P. J. On October 31, 1913, the plaintiff delivered to the Alabama Great Southern Railroad Company, at Keener, Ala., for carriage to Attalla, 14 bales of cotton consigned to the Banks Cotton Company, in care of the defendant, who was engaged in the warehouse and cotton compressing business. On the same date J. S. Hill delivered to the same carrier 21 bales of cotton consigned to B. Killian, to be delivered at the same destination. Both of the shipments were loaded into the same car, and, as the evidence tends to show, were carried to their destination, and under the traffic arrangements between the defendant and the carrier, it appearing that the defendant was under bond to the carrier, and, as contemplated by the arrangements between the plaintiff and the defendant, was unloaded by the defendant and placed in its warehouse. The plaintiff's evidence further tends to show that arrangements between the plaintiff and the defendant contemplated that plaintiff's cotton was to be delivered to the Banks Cotton Company, or such other person as might eventually purchase the cotton from plaintiff.

[1] The plaintiff's theory of the case is that through error defendant delivered one bale of his cotton with the cotton of Hill to Hill's consignee, Killian, and, as tending to sustain this theory, plaintiff was allowed to testify as a witness in his own behalf, over defendant's objection, that some time after the shipment of the cotton and after all except the bale in question had been delivered in accordance with the arrangement between the parties, that plaintiff had a conversation with the defendant's general manager, Matthews, in charge of the defendant's warehouse, in which the general manager stated that this particular bale of cotton, which was marked "S I N 68," was delivered to Killian, it being shown that at the time the conversation took place Matthews was in charge of the defendant's warehouse and had access to its books and records, and the statement was occasioned by an inquiry made by the plaintiff as to what disposition the defendant had made of this bale of cotton.

"Under the general rule that whatever is said by an agent either in making a contract for his principal or at the time and accompanying the performance of any act within the scope of his authority having relation to and connected with and in the course of the particular contract or transaction in which he is then engaged—or, in the language of the old writers, dum fervet opus—is in legal effect said by his principal, and is admissible in evidence against such principal." 1 R. C. L. p. 509, § 49; Cunningham's Ex'r v. Cochran, 18 Ala. 479, 52 Am. Dec. 230; Chamb. Mod. Law of Ev. § 1340; Belmont Coal Co. v. Smith, 74 Ala. 206; Fleming v. Lunsford, 163 Ala. 540, 50 South. 921; Jones on Ev. § 255.

Under the facts in this case, it was the defendant's duty to give an account to the plaintiff as to the disposition it had made of the bale of cotton in controversy; the declaration was with reference to a pending transaction, and Matthews, in giving the information, was acting within the scope of his authority. This testimony was properly admitted.

[2] The evidence shows without dispute that 14 bales of cotton received by the defendant belonged to the plaintiff; that it was received by the defendant either as the agent of the carrier, or the bailee of plaintiff, and the defendant could not, without liability, deliver the cotton to a third person not the consignee, in the absence of express authority from the plaintiff. Ala. & Tenn. River R. R. Co. v. Kidd, 35 Ala. 209; Collins v. A. G. S. R. R. Co., 104 Ala. 390, 16 South. 140; 40 Cyc. 445 (6).

The evidence authorized a judgment in favor of the plaintiff. No error appearing on the record, the judgment will be affirmed.

Affirmed.