187 So. 494

**HILL v. McWHORTER.**

**7 Div. 556.**

Supreme Court of Alabama.

March 16, 1939.

Savage & Savage, of Centre, for appellant.

Reed & Reed, of Centre, for appellee.

FOSTER, Justice.

This action was begun by R. L. McWhorter against John H. Hill claiming the statutory penalty for cutting trees, and other counts in trespass and conversion. The count claiming an amount due on account of the penalty was withdrawn, leaving the trespass and trover counts, resulting in a verdict for plaintiff, and appeal by defendant.

The defendant moved to quash the summons because it was issued before the complaint was filed. Defendant also demurred to count two of the complaint which was overruled.

There had been a former trial which reached a stage in which a misunderstanding between the judge and counsel arose after the judge had orally charged the jury, whereupon the judge ordered a mistrial and continued the cause. Plaintiff testified as a witness in that trial, and the bill of exceptions relating to the last trial states that after the first trial plaintiff died and the cause was revived in the name of his administrator. His testimony on the former trial was taken down by the official court reporter, who testified that it was true and correct.

Defendant objected to this testimony on the ground that the cause of action was not the same in the two trials, in that the count for the penalty had not then been withdrawn, and that the parties were different.

Appellant has assigned those rulings as error, and has made other assignments to which we will refer later.

We cannot review the assignment relating to the motion to quash the summons, because there is no ruling on it shown by the transcript, and the facts on which the motion is founded are not shown by the record or other proof with that degree of clarity which is necessary, without reference to other questions in that connection.

The demurrer to count 2 based upon the insufficiency of averment as to the date of the trespass was overruled without error. MacArthur Bros. Co. v. Middleton, 200 Ala. 147, 75 So. 895; Corona Coal & Iron Co. v. Bryan, 171 Ala. 86, 54 So. 522, Ann.Cas.1913A, 878. The record does not clearly show that the demurrers were interposed and acted on with respect to the counts added by amendment.

With reference to the evidence given by Dr. McWhorter on a former trial, the objection here urged is that the issues in the two suits and the parties were not the same. If the issues and parties are substantially the same in the two trials, that aspect of the requirement is satisfied though there may be a nominal change of parties or counts in the complaint. The same transaction must be involved and the issue in the second trial or suit be substantially included in the former. Alabama Consol. C. & I. Co. v. Heald, 171 Ala. 263, 55 So. 181; Smith v. Keyser, 115 Ala. 455, 22 So. 149; Clealand v. Huey, 18 Ala. 343; 22 Corpus Juris 430, section 515; see

Louisville & N. R. Co. v. Scott, 232 Ala. 284 (10 and 11), 167 So. 572.

That is the situation with which we are not dealing. It is not essential to the admissibility of such former evidence that the party against whom it is being offered was personally present upon that trial. He was represented by counsel who participated in the trial and cross-examined the witness. It is immaterial what was the outcome of the former trial or suit in which the deceased witness was examined. That is to say, whether it was abandoned, dismissed, terminated by non-suit, or for other reason failed to result in a decision. 22 Corpus Juris. 427.

If an issue was made up in a trial in court, where the issues and parties were substantially the same as those in the second trial, and where an opportunity to cross-examine the witness existed and was not denied, the death of the witness makes his former evidence admissible in the later trial. There was no error in receiving this evidence.

There was ample evidence to support the verdict of the jury. The question related to a dispute as to the land lines. The evidence was submitted to the jury, and there is no reason shown why their finding should be set aside. And for the same reason the general charge was refused defendant without error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.