19 So.2d 79

**McCRARY v. LATHAM.**

7 Div. 798.

Court of Appeals of Alabama.

Aug. 22, 1944.

W. C. Dempsey, of Ashland, and Handy Ellis, of Columbiana, for appellant.

John J. Pruet, of Ashland, for appellee.

CARR, Judge.

This is the second appeal in this case. McCrary v. Latham, 244 Ala. 409, 13 So.2d 881. Upon the former consideration of this cause the Supreme Court set out with accurate particularity the pleading and evi-

·dence had on the first trial in the circuit court. This was in all material aspects the same on the second trial. We see no necessity for a repetition here. There was a verdict for appellee on both trials.

The Supreme Court reversed the cause for error in giving the general affirmative charge for defendant under plea five. McCrary v. Latham, supra.

■ . In the instant case it is urged that there was error in giving at appellee's request Charge No. I, towit: "The Court charges the jury that if you find from the evidence that the transaction between J. H. Ingram, Jr. and J. A. Latham, at the time J. A. Latham executed the note for $500.00 was a sale of fertilizer by Lineville Mercantile Company to J. A. Latham, and such note was given in part payment of such fertilizer, it would be immaterial whether said note was payable to Lineville Mercantile Company or to J. H. Ingram, Jr."

A review of the testimony will disclose that there was a conflict in the evidence relating to the circumstances surrounding the execution of the note in question. McCrary v. Latham, supra.

Appellee contended that the note was given in part payment of fertilizer purchased from the Lineville Mercantile Company, through its agent, J. H. Ingram, Jr., be to delivered later. J. H. Ingram, Jr., testified that the note was executed to him by appellee as a personal transaction to enable Ingram to supplement funds with which to increase his share of capital stock in the Lineville Mercantile Company. Ingram and appellant were partners in said business. It is not denied or controverted that the Lineville Mercantile Company sold fertilizer and some fertilizer was delivered to appellee, on order of Ingram, subsequent to the note transaction.

■ The law of principal and agent has application to partnership dealings. All partners are not only considered principals, but are also taken to be agents in the performances of all matters within the scope and objects of the partnership business. By special agreements this authority may be limited as between the partners themselves, but third parties having no knowledge of the agreed limitations are not affected thereby. The statutory provisions in no way change the common law principles thereto relating. Title 43, § 1, Ala.Code 1940; 47 C.J., § 289, p. 826; Cummings v. S. Funkenstein Co., 17 Ala.App. 7, 81 So.

343; Orr, Jackson & Co. v. Perry, 16 Ala. App. 658, 81 So. 150; United Drug Co. v. Gramling-Belcher Drug Co., 216 Ala. 79, 112 So. 357.

■ It appears that the opinion in the former appeal is conclusive of this urgency. Therein it is said [244 Ala. 409, 13 So. 2d 885]: "In the instant case, plaintiff must establish not only that the transaction between the defendant and Ingram was a loan to Ingram, individually, but that defendant knew it to be such a loan. If the defendant thought that he was dealing with the partnership through Ingram, and his intentions were to deal with the partnership, it would make no difference as to the secret, unknown or uncommunicated intentions of Ingram, *or that the note was made payable to J. H. Ingram, Jr.*" (Emphasis ours.) McCrary v. Latham, supra.

Applying this holding to the charge in question, we are of the opinion that it correctly states the law applicable to this case. Bank of Guntersville v. Webb and Butler, 108 Ala. 132, 19 So. 14; Howze v. Patterson, 53 Ala. 205, 25 Am.Rep. 607; Clark v. Taylor, 68 Ala. 453.

J. H. Ingram, president of the local bank and a witness for appellee, on direct examination was asked this question: "At the time the note was negotiated to you, and while John H. Ingram, Jr. or J. H. Ingram, Jr. was manager of the Lineville Mercantile Co. at Lineville, I will ask you to state whether or not you learned from J. H. Ingram, Jr. that this note was given for the purchase price of fertilizer or nitrate of soda."

Over the timely objections of appellant's counsel the witness was permitted to answer: "He did tell me then or along about that time it was given for fertilizer."

The court overruled a motion by appellant to exclude this answer. This was denied; to which ruling exceptions were reserved. The action of the court in allowing the answer to the above stated question and overruling the motion to exclude is made an insistence for error.

■■ If the contention of the appellee is tenable and the jury so found, discounting the note at the bank and depositing the proceeds thereof to the credit of the Lineville Mercantile Company was a continuation of the original transaction and negotiation between appellee and J. H. Ingram, Jr. In our opinion this brings the inquiry within the familiar rule that an act

504

or admission of an agent is material and therefore admissible against the interests of the principal if pertinent to the issue involved and the agent at the time was acting within the range and scope of his authority as related to his principal and the transaction to which the admission or acts referred was pending at the time. 31 C.J.S., Evidence, § 343, p. 1113; Fleming et al. v. Lunsford et al., 163 Ala. 540, 50 So. 921; National Life & Accident Ins. Co. v. McGhee, 238 Ala. 471, 191 So. 884; Attalla Compress & Storage Co. v. Adams, 16 Ala. App. 624, 80 So. 628; Roberts & Sons v. Williams et al., 198 Ala. 290, 73 So. 502; United States Cast Iron Pipe & Foundry Co. v. Caldwell et al., 208 Ala. 260, 94 So. 540.

This concludes all questions presented for consideration on this appeal.

There is no error shown. The judgment is affirmed.

Affirmed.