67 So.2d 69

**WELLDEN v. ROBERTS et al.**

8 Div. 961.

Court of Appeals of Alabama.

Nov. 20, 1951.

Rehearing Denied Jan. 15, 1952.

Thos. G. Steele, Athens, for appellant.

Russell W. Lynne and Norman W. Harris, Decatur, for appellees.

PRICE, Judge.

"The amended complaint consisted of four counts, three of which, namely, 1, 3 and 4, claimed damages in the sum of $1000.00 on account of fraud perpetrated by the defendant upon the plaintiffs, and one of which, namely, count 2, claimed $455.00 for money had and received.

"Briefly stated, the allegations of counts of the complaint based on fraud were that the plaintiffs, being the owners of certain real and personal property, employed the defendant, a real estate broker, to procure a purchaser for said property by selling the same at public auction, and agreed to pay the defendant a commission of ten per cent of the amount for which the property was sold as compensation for his services. The complaint alleged that, pursuant to the employment contract between the plaintiffs and the defendant, the defendant, acting either himself or through his agent, servant or employee, procured a by-bidder at the auction sale, namely, one Ellis Clem, to bid on said property with no purpose or financial ability of consummating his bid, but with the express understanding with the defendant, or his agent, servant or employee, that he was bidding on the same merely to encourage the bidding; and that the said by-bidder was the highest bidder for the property, bidding the sum of $4550.00 therefor, and was declared the purchaser thereof, and that after this occurrence the defendant represented to the plaintiffs that the real estate had been sold and that the purchase price would be subsequently paid to plaintiffs by Clem, all of which was alleged to be false, and that the plaintiffs, in reliance upon such false rep-

resentation, paid to the defendant the ten per cent commission, namely, $455.00, on the sale price of said real estate.

"The defendant plead the general issue in short by consent, and the cause, being tried by a jury, resulted in a verdict in favor of the plaintiffs for $970.92, on which judgment was rendered. The verdict of the jury was as follows:

" 'We, the jury, find for the plaintiffs, and fix the damage at $455.00 plus interest at the rate of 6% from Nov. 19, 1949, amounting to $15.92 plus $500.00 punitive damage, totaling $970.92, plus costs of the court.'

"The defendant filed a motion for a new trial, which was duly set for hearing, argued by counsel, taken under advisement by the Court, and in due time overruled. This appeal followed."

The foregoing is quoted from brief of appellees' counsel, and is fully borne out by the record in the case.

On the trial one of the plaintiffs, John H. Roberts, was permitted to testify to the following conversation with Ellis Clem on the day following the sale: "I asked him (Clem) when do you want these deeds made out? He said, 'what deeds?' I said, 'didn't you buy this place yesterday?' He said, 'didn't buy no place; Mr. Sparks told me if I bid on it at the auction I didn't have to take it.' "

The grounds of defendant's objection to this testimony were, "not part of the res gestae; not shown defendant was there; hearsay evidence."

In overruling the objection, the court stated: "I will permit this to go in on the question of whether or not the alleged purchaser was ready, willing and able to purchase, and whether or not such a purchaser was obtained."

■ At the time of the trial Ellis Clem was deceased and the statement by plaintiff as to what Clem told him before his death was hearsay and inadmissible. Louisville & N. R. R. Co. v. Fitzgerald, 161 Ala. 397,

49 So. 860; Little v. Montgomery, 235 Ala. 615, 180 So. 269.

The next assignment of error insisted upon is predicated on the court's action in permitting the witness John T. Cooper to state Ellis Clem's testimony given at a hearing before the Alabama Real Estate Commission. Cooper testified he was present at the hearing and that Clem's testimony was substantially as follows: "That he was at the sale, and at the instance of Mr. Sparks, he made some bids, and that Mr. Sparks told him that Mr. Roberts wouldn't sell the property for less than $5000.00, and if it was bid under that he didn't have to take it, and he bid $4550.00 and the property was knocked off to him."

The proceeding before the Alabama Real Estate Commission was begun, as provided by Sec. 305 of Title 46, Code 1940, upon the verified complaint of John H. Roberts and Frances Roberts, who are the plaintiffs in this case, against R. Clyde Wellden, the present defendant. The complaint in that proceeding is set out in the record and its allegations are practically identical to the allegations of the complaint in this case.

■ The established rule as to the requisites for admissibility in evidence of testimony taken at a former trial or proceeding is: "In order to prove testimony given at a former trial, which is pertinent or relevant to issues in a later trial or in a later proceeding in the former trial, it must appear that the witness who testified at the former trial or former hearing has died, become insane, or is beyond the jurisdiction of the court or otherwise unavailable as a witness in the second trial or hearing. In addition, it must appear that there is a substantial identity of parties and issues and that the person against whom the evidence was offered had an opportunity to cross-examine the witness giving the former testimony." 20 Am.Jur., Evidence, Sec. 689.

It is admitted that Ellis Clem was dead at the time of the trial in the circuit court, and it was established by the evidence that at the hearing before the Real Estate Commission plaintiffs and defendant were pres-

ent; that R. Clyde Wellden was represented by the attorney representing him in this case; that the witnesses, including Ellis Clem, were put under oath; that Clem testified and was cross-examined by Wellden's attorney.

■ Corpus Juris Secundum states the rule as to the identity of issues involved: "* * * and the test of identity is said to be found in the opportunity, at the former trial, to cross-examine the witness fully as to the matter in issue at the second trial.

"The requirement of identity is satisfied when the issue on which the former evidence is offered is common to both cases." 31 C. J. S. Evidence, § 389.

In the case of Nordan v. State, 143 Ala. 13, 39 So. 406, 411, the Supreme Court, in admitting in evidence in a murder case testimony taken in a case where the defendant was charged with seduction, held: "And it is true that the main issue in the seduction case, in which the deceased witness testified, is entirely different from the main question in the present case. But as to the particular evidence here offered the issue in the two cases is identical; that is, the genuineness of the letters. The parties were the same in both cases, and the particular issue upon which the evidence was offered was the same, and we think this satisfies the rule."

The object of the proceeding before the Real Estate Commission was to suspend or revoke Wellden's license as a real estate broker, and the object of this suit is for the return of money paid as commissions and for the recovery of damages.

In both proceedings the plaintiffs charge defendant with perpetrating a fraud upon them by procuring the said Ellis Clem to bid as a by-bidder on the property at the auction sale, and by misrepresenting to plaintiffs that the said by-bidder had purchased the property and collecting commissions from plaintiffs to which defendant was not entitled.

■ To entitle an agent or broker to commissions, he must show that he pro-cured a purchaser who was able and ready to comply with the terms and conditions of sale, unless the sale is not consummated by reason of the owner's fault. Sayre v. Wilson, 86 Ala. 151, 5 So. 157; Handley v. Shaffer, 177 Ala. 636, 59 So. 286; Millican v. Livingston, 207 Ala. 689, 93 So. 620.

It is conceded by all the parties that Clem was a by-bidder, the contested question being whether he was procured by plaintiffs or defendant. The defendant contends the sale was not consummated because of the owner's fault in procuring the by-bidder.

In the hearing before the Real Estate Commission the defendant was faced with the possibility of a revocation or suspension of the license by which he earned his livelihood, and, certainly, the interest of defendant was calculated to induce equally as thorough testing by cross-examination in that hearing as in the present case. As was stated by Judge Harwood in the case of Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837, his interest and motive in discounting Clem's charges made in the commission proceedings must be considered to have existed and to have been the same as in the present case.

The same transaction is involved and, as to this particular testimony, the issue involved in the second trial is substantially the same as in the hearing. Hill v. McWhorter, 237 Ala. 419, 187 So. 494; Nordan v. State, supra.

■ We find no decisions involving the question of whether the Alabama Real Estate Commission was such a tribunal as to authorize the introduction of testimony given before it by a witness since deceased.

The general rule is stated by Corpus Juris Secundum:

"The character of the tribunal before which former testimony was taken, whether it was an inferior court, or even a referee or arbitrator, usually is not a valid objection to the admissibility of the evidence on the subsequent trial.

"The fact that the evidence was originally given before a subordinate court is not

usually regarded as an objection to its reception. Testimony given before referees, quasi judicial tribunals, and magistrates as arbitrators has been received." 31 C. J. S. Evidence § 386.

By American Jurisprudence: "In order that former evidence may be admissible upon a subsequent proceeding, it must have been introduced in the regular course of a trial or proceeding before a tribunal capable of enforcing the attendance of witnesses, administering oaths, and employing cross-examination as a part of its procedure." 20 Am.Jur., Evidence, Sec. 689.

And by Wigmore:

"In general the principle is clearly accepted that testimony taken before a tribunal or officer not empowered to compel or not in practice employing cross-examination as a part of its procedure is inadmissible; and conversely, the kind of tribunal is immaterial and the testimony is admissible if in fact cross-examination was practiced under its procedure:

"Accordingly, testimony has been received or rejected on this account, i. e. because an opportunity for cross-examination was or was not a part of the procedure, when given before bankruptcy-commissioners, pilot-commissioners, marine hull-inspectors, barrack-commissioners, land commissioners, county-boards, registers, and arbitrators." V. Wigmore (3rd Edition) Sec. 1373.

Defendant argues in brief that the Alabama Real Estate Commission is an administrative board rather than a quasi judicial tribunal.

Corpus Juris Secundum distinguishes between an administrative and quasi judicial board, as follows: "Commonly the word (administrative) has been defined as ministerial; pertaining to administration, particularly, having the character of executive or ministerial action; and, when particularly applied to official duties connected with government, executive, a ministerial duty; *one in which nothing is left to discretion.*" (Italics supplied.) 2 C. J. S., Administration-Administrative, p. 56.

"'Quasi Judicial.' The term is used in a sense at least analogous to that of the word 'judicial,' discussed in the preceding subdivisions. In a general sense it is used to indicate an exercise of judgment or discretion or a choice of alternatives; and is particularly applied to acts, duties, or functions which require the exercise of discretion or judgment by officers or agencies other than those which strictly constitute a part of the judiciary". 50 C. J. S., Judicial, p. 562.

The purpose of the Alabama Real Estate Commission is to regulate the business of brokers and real estate salesmen; to protect the public against fraud and imposition, requiring a license as evidence of qualification and fitness. Marx v. Lining, 231 Ala. 445, 165 So. 207.

The provisions of the Statute creating and regulating the Alabama Real Estate Commission are set out in Title 46, Secs. 298–311, Code 1940:

Licenses are granted only after satisfactory proof has been presented to the board. Sec. 301.

The commission may refuse to issue a license after a hearing, Sec. 303; and may revoke or suspend a license after a hearing for fraudulent acts specified in Section 305.

Sec. 306 prescribes the procedure for the hearing and determination of a complaint and provides "the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of papers, and any member of the commission may sign subpoenas, administer oaths and affirmations, examine witnesses and receive evidence" and provides that "testimony may be taken as in civil cases," and that the applicant or licensee shall have the opportunity to be heard in person and by counsel and that all parties shall have the right to attendance of witnesses in his behalf.

We conclude that the Alabama Real Estate Commission is a quasi judicial tribunal, in practice employing cross-examination, and that the defendant had the

opportunity to cross-examine the witness at the hearing. We hold that the court properly permitted the witness Cooper to state Clem's testimony given before the commission.

Defendant objected to the portion of the statement by Cooper as to, "what Mr. Clem testified Mr. Sparks told him," on the grounds that it was hearsay and that there is no evidence before this court that at the time Mr. Clem was testifying before the Real Estate Commission there had been any evidence given tending to show that Sparks was the agent of Clyde Wellden, or that he was acting within the line and scope of his authority at the time he made the statements to Clem.

■ "The party against whom the testimony of a deceased witness on a former trial, or in a former investigation, is offered, is allowed to make every objection which could be made, if the witness were in life, and personally offered as a witness for the first time." House v. Camp, 32 Ala. 541; Louisville & Nashville Railroad Co. v. Scott, 232 Ala. 284, 167 So. 572; Aetna Ins. Co. v. Koonce, 233 Ala. 265, 171 So. 269.

On the trial plaintiff, as evidence of Sparks' agency, offered testimony showing Sparks signed the contract of sale for the Wellden auction Company and that the contract was ratified and approved by R. Clyde Wellden, also that Sparks was present at the time the property was offered for sale.

■ "[A]n act or admission of an agent is material and therefore admissible against the interests of the principal if pertinent to the issue involved and the agent at the time was acting within the range and scope of his authority as related to his principal and the transaction to which the admission or acts referred was pending at the time." McCrary v. Latham, 31 Ala.App. 502, 19 So.2d 79, 81; 31 C. J. S., Evidence, § 343, p. 1113; Fleming v. Lunsford, 163 Ala. 540, 50 So. 921; National Life & Accident Ins. Co. v. McGhee, 238 Ala. 471, 191 So. 884; Attalla Compress & Storage Co. v. Adams, 16 Ala. App. 624, 80 So. 628; Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502.

■ If Clem had been testifying on the stand, his testimony as to what Sparks told him would not have been subject to the objections interposed.

In view of the reversal of this case on other grounds, the court's action in refusing to grant appellant's motion for a new trial will not be reviewed. Metropolitan Life Ins. Co. v. James, 228 Ala. 383, 153 So. 759; Bessemer Land & Improvement Co. v. Dubose, 125 Ala. 442, 28 So. 380.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

## On Rehearing

In his brief on application for rehearing, appellee's counsel earnestly insists that this court is in error in holding the statement by Clem to Roberts was hearsay and inadmissible. We have carefully considered appellee's argument and the authorities cited therein, and we adhere to our opinion that Roberts, one of the owners of the property, could not testify to a statement to him by the by-bidder, made the next day after the sale, not in the presence of defendant, and the said by-bidder being deceased at the time of trial.

Application for rehearing overruled.