The plaintiff Willie Alex Barnes appeals the judgment entered by the Jefferson County Circuit Court on a jury verdict in favor of the defendant Norfolk Southern Railway Company. We affirm.
Barnes sued Norfolk Southern for violations of the Federal Employers' Liability Act ("FELA"). He alleged that he suffered severe injury to his body including his respiratory system and suffered an occupational disease, as results of his exposure to asbestos and "asbestos-containing materials" during the course of his 29-year employment with Norfolk Southern. Barnes also claimed that he suffered mental anguish. Norfolk Southern answered with denials and with the affirmative defense that Barnes's own conduct had caused his injuries.
Norfolk Southern filed a motion in limine for the trial court to preclude Barnes from introducing into evidence, or from referring to, "[a]ny deposition of Dr. Max Rogers, a former employee of the defendant, taken in other cases." After arguments of counsel, the trial court granted the motion in limine. At trial, outside the presence of the jury, Barnes moved to introduce the deposition testimony of Dr. Max Rogers, a resident of North Carolina and chief surgeon and medical director of Norfolk Southern from 1966 until 1983. Dr. Rogers's deposition had been taken in some cases pending against Norfolk Southern in the courts of the State of Tennessee. Norfolk Southern had taken Rogers's deposition in the Tennessee cases, wherein Norfolk Southern employees had sued Norfolk Southern for negligently exposing them to asbestos. After arguments of counsel, the trial court excluded Rogers's deposition on the ground that the testimony failed to satisfy the requirements of Rule 804(b)(1), Ala. R. Evid., in that "the Alabama interpretation is more restrictive than the federal."
The jury returned a verdict in favor of Norfolk Southern and against Barnes, and the trial court denied Barnes's subsequent motion for a new trial. On appeal, Barnes seeks a new trial on the ground that the trial court erred in excluding Dr. Rogers's testimony. *Page 29 
Rule 804, Ala. R. Evid., reads in pertinent part:
 "(b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 "(1) Former Testimony. Testimony of a witness, in a former trial or action, given (A) under oath, (B) before a tribunal or officer having by law the authority to take testimony and legally requiring an opportunity for cross-examination, (C) under circumstances affording the party against whom the witness was offered an opportunity to test his or her credibility by cross-examination, and (D) in litigation in which the issues and parties were substantially the same as in the present cause." (Emphasis added.)
The "former-testimony" exception to the hearsay rule, Ala. R. Evid. 804(b)(1), requires the former testimony to have been given in "litigation in which the issues and parties were substantially the same as in the present cause." (Emphasis added.) This Court has not yet interpreted 804(b)(1). It differs from its federal counterpart, Fed.R.Evid. 804(b)(1), in that the federal rule expressly requires only that "the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." (Emphasis added.) Thus, by its very terms, Ala. R. Evid. 804(b)(1), unlike the corresponding federal rule, requires not only that the party against whom one seeks to use the testimony be substantially the same, but also that the party seeking to use it be substantially the same. See Swift v. Gregory, 786 So.2d 1097, 1099 (Ala. 2000) ("`Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction.'") (quoting IMED Corp. v. Systems Eng'g Assocs.Corp., 602 So.2d 344, 346 (Ala. 1992)).
Barnes does not provide, and we have not found, any Alabama caselaw holding that the party offering the evidence need not have been a party in the prior proceeding. The Advisory Committee's Notes to Ala. R. Evid. 804(b)(1), however, do state that the adoption of the former-testimony exception "is intended as a restatement of preexisting Alabama law with regard to the `former testimony' exception to the hearsay rule." InClealand v. Huey, 18 Ala. 343 (1850), the testator's administrators offered a witness to testify to the testimony of another witness, then deceased, who had testified against the plaintiff in a prior trial in the same action. The plaintiff objected, arguing that "the [offering] parties are not the same." Id. at 347. This Court held that the evidence was admissible, reasoning that "[t]he admissibility, however, of such testimony does not depend on the precise nominal identity of the parties to the suit, for if the second trial of the same subject matter is between those, who represent the parties to the first, by privity in blood or estate, the evidence is admissible." Id. (citations omitted).See also Hill v. McWhorter, 237 Ala. 419, 420, 187 So. 494, 495 (1939) ("If the issues and parties are substantially the same in the two trials, [the Rule] is satisfied though there may be a nominal change of parties. . . ."); Julian v. Woolbert, 202 Ala. 530, 533, 81 So. 32, 34
(1919) ("Where . . . the parties are essentially the same — privies in blood, in law, or in estate — testimony formerly taken is competent evidence. . . ."). In Gwin v. State, 456 So.2d 845, 852
(Ala.Crim.App. 1984), the *Page 30 
Court of Criminal Appeals stated that "`[t]he now-governing Alabama rule is that if either the party now offering the former testimony, or the party against whom it is offered, was not a party or the successor of a party to the former litigation, the former testimony is not receivable for or against either.'" (quoting Charles W. Gamble, McElroy's AlabamaEvidence § 245.07(7) (3d ed. 1977)) (emphasis added). Therefore, preexisting Alabama law regarding the former-testimony exception to the hearsay rule, required both the offering party and the opposing party to be substantially the same as the parties in the prior proceeding. Thus, Rule 804(b)(1) restates this common-law rule.
The offering party in the current proceeding was not a representative of, or related in any way to, the offering party in the prior proceeding. Thus, the deposition testimony of Dr. Rogers does not come within Rule 804(b)(1).[1]
Accordingly, the ruling by the trial court excluding the deposition testimony of Dr. Rogers did not constitute error. The judgment of the trial court is due to be affirmed.
AFFIRMED.
Moore, C.J., and See, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
[1] Noteworthily, the proponents of Dr. Rogers's deposition did not argue that it was admissible as the admission of a party uttered by an agent or employee of that party within the scope of his agency or employment under Rule 801(d)(2)(D), Ala. R. Evid. ("A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment.")