Carl Allen Goetsch ("the father") and Joyce P. Goetsch ("the mother") were divorced in May 2002 after what may best be described as extremely acrimonious and protracted proceedings. The trial court awarded custody of the parties' three children to the father, and the mother appealed to this court. We affirmed the trial court's judgment as to the custody award and the other issues raised by the mother in her appeal, without an opinion. See Goetsch v. Goetsch, 885 So.2d 858
(Ala.Civ.App. 2003) (table) ("Goetsch I"). WhileGoetsch I was pending on appeal, a dependency proceeding regarding the children was instituted by the Department of Human Resources ("DHR"). After an investigation, *Page 156 
however, DHR dismissed the dependency action. In July 2003, the mother filed a petition seeking a modification of custody. The father filed a counter petition for modification of certain visitation provisions of the original judgment and a petition for a rule nisi, alleging that the mother was in contempt for failing to comply with certain provisions of the judgment and for failing to return certain personal property to the father as required by the judgment. The trial court awarded custody to the mother, ordered that the father pay $7,000 per month in child support, and denied the father's claims for relief. The father appeals.
The father argues four issues on appeal. He first argues that the trial court erred by refusing to admit the deposition testimony of Dr. Caroline Batchelor, a psychologist who treated the children during the original divorce proceedings and after the divorce proceedings; she was deposed in October 2002 as part of the dependency action. He also argues that the trial court erred in transferring custody to the mother because, he contends, the mother failed to meet the burden imposed by Exparte McLendon, 455 So.2d 863 (Ala. 1984). The father further argues that the award of $7,000 per month in child support is not supported by any evidence regarding the needs of the children and that the trial court erred by failing to enforce certain provisions of the divorce judgment with which the father contends the mother had failed to comply. We will first address the father's contention that the trial court erred by failing to admit the deposition testimony of Dr. Batchelor.
The father argues that Dr. Batchelor's deposition testimony was relevant to the issues raised in the mother's modification petition and that it should have been admitted pursuant to Rule 804(b)(1), Ala. R. Evid., which permits the admission of the former testimony of an unavailable witness. The mother objected to the admission of Dr. Batchelor's deposition testimony on the ground that, although she had been present at and had participated in the deposition, the issues in the present action were not identical to the issues in the dependency action and her cross-examination of Dr. Batchelor did not focus on the custody issue before the court in the modification case.[1]
Rule 804(b)(1), Ala. R. Evid., reads as follows:
 "(b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 "(1) Former Testimony. Testimony of a witness, in a former trial or action, given (A) under oath, (B) before a tribunal or officer having by law the authority to take testimony and legally requiring an opportunity for cross-examination, (C) under circumstances affording the party against whom the witness was offered an opportunity to test his or her credibility by cross-examination, and (D) in litigation in which the issues and parties were substantially the same as in the present cause."
The mother's argument to the trial court was that the issues in the dependency case and the modification case were not similar enough and that, therefore, her cross-examination of Dr. Batchelor during the deposition taken in conjunction with the dependency case was not directed to issues *Page 157 
involved in the custody-modification case and instead focused solely on dependency issues. Rule 804(b)(1) clearly requires that the issues in the two cases be "substantially" similar. However, "[i]t is not essential that all of the issues on the former proceeding shall have been precisely the same as all the issues on the present trial." 2 Charles W. Gamble, McElroy'sAlabama Evidence § 245.07(7) (5th ed.1996). That is, the issues in both cases need not be identical to satisfy the rule.
Our supreme court considered the admission of the former testimony of a deceased individual in Nordan v. State,143 Ala. 13, 39 So. 406 (1905). The deceased witness, the alleged murder victim, had previously testified in a seduction case against the defendant regarding the authenticity of certain letters and stated that the letters were in the defendant's handwriting. The Nordan court permitted the introduction of the deceased witness's testimony, stating:
 "We recognize the rule that in admitting evidence of the testimony of a witness on a former trial who has since died, it must be shown that the testimony of the deceased witness was given in a case where the parties and issues were the same as in the case in which it is proposed to prove the testimony of such deceased witness. And it is true that the main issue in the seduction case, in which the deceased witness testified, is entirely different from the main question in the present case. But as to the particular evidence here offered the issue in the two cases is identical — that is, the genuineness of the letters. The parties were the same in both cases, and the particular issue upon which the evidence was offered was the same, and we think this satisfies the rule. . . ."
Nordan, 143 Ala. at 25, 39 So. at 411.
Similarly, the Court of Appeals admitted, in an action seeking the return of commissions and damages, the former testimony of a deceased witness taken in conjunction with a prior proceeding before the Real Estate Commission seeking to suspend or revoke R. Clyde Wellden's real-estate broker's license on the ground of his having perpetrated a fraud in an auction sale. Welldenv. Roberts, 37 Ala. App. 1, 5, 67 So.2d 69, 72 (1951). After briefly discussing Nordan, the court commented that the underlying issue in both cases was the allegation that Wellden had committed fraud, and it decided that Wellden would have had a similar motive to cross-examine the witness in the proceeding before the Real Estate Commission as he would have in the civil case; therefore, the court concluded that the testimony was properly introduced into evidence.Wellden, 37 Ala.App. at 5-7, 67 So.2d at 72-74.
After reviewing the evidence presented at the modification trial, and especially the testimony regarding the focus of the dependency investigation, we have concluded that the same concerns that prompted DHR's involvement in the dependency case, including the eldest child's suicidal and homicidal ideations and allegations of abusiveness and alcoholism by the father, were also relied upon by the mother in her quest for modification of the original custody judgment. We cannot agree with the mother that the underlying issues presented in both cases — the fitness of the parents to parent the children in the dependency case and whether a change in custody to the mother would materially promote the children's best interest in the modification case — are not substantially similar. Because Dr. Batchelor's deposition testimony focuses on the children's behaviors and the possible reasons for those behaviors, the trial court could have reached a different result if that testimony *Page 158 
had been considered and believed. See Dinmark v.Farrier, 510 So.2d 819, 821 (Ala. 1987) ("In order for the admission of evidence to be reversible error, `the error complained of [must have] probably injuriously affected [the] substantial rights of the parties.' Rule 45, A[la]. R.App. P. The burden is with the appellant not only to show error, but also to show probable injury."). Accordingly, we reverse the judgment of the trial court and remand the cause for the trial court to admit the deposition testimony of Dr. Batchelor and, after consideration of that testimony in conjunction with the other evidence already of record, to enter a new judgment on the mother's modification petition.
In light of our reversal of the judgment and the possibility that the trial court could enter a different judgment on remand, the father's other issues are pretermitted at this time.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.
[1] On appeal, the mother, however, contends that the father did not properly demonstrate Dr. Batchelor's unavailability. At trial, the mother's counsel conceded that Dr. Batchelor was not presently within the state. Thus, the father was not required to further demonstrate Dr. Batchelor's unavailability.